# In the United States Court of Federal Claims

No. 21-2024

(Filed: January 24, 2022)

**(NOT TO BE PUBLISHED)**

|  |  |
|---|---|
| **RICHARD LOUIS BUTLER, JR.,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| **UNITED STATES,** | ) ) ) |
| Defendant. | ) ) ) |

Richard Louis Butler, Jr., *pro se*, Iowa Park, Texas.

Kelly A. Krystyniak, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the brief were Brian M. Boynton, Acting Assistant Attorney General, Patricia M. McCarthy, Director, Reginald T. Blades, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

**OPINION AND ORDER**

Plaintiff, Richard Louis Butler, Jr., brings suit against the "entire African [i]mmigrant community employed by the Texas Department of Criminal Justice prison system." Compl. at 1, ECF No. 1. Pending before the court is defendant's ("the government") motion to dismiss for lack of subject-matter jurisdiction. *See* Def.'s Mot. to Dismiss ("Def.'s Mot"), ECF No. 16. Plaintiff's response was due January 10, 2022 and no response was filed on that date or any time thereafter.[1] The matter is ready for disposition. For the following reasons, the government's motion is GRANTED.

The government asserts that Mr. Butler's complaint "fails to set forth the basis for the [c]ourt's jurisdiction over his claims." Def.'s Mot. at 1. Defendant indicates that plaintiff's

---

[1] On January 20, 2022, plaintiff filed a supplement to his complaint to include a request for financial compensation for his mental distress caused by the alleged situation. *See* ECF No. 23.

claim "does not invoke any money-mandating statute, nor does he appear to seek any financial recovery from the United States." *Id.* at 2.  This latter averment was made before Mr. Butler supplemented his complaint.  *See supra* at 1 n. 1.  In all events, Mr. Butler primarily appears to be seeking redress from employees of the Texas prison he believes to be "funding the Boko Harams terrorist organization."  Compl. at 1.  The government emphasizes that the Texas state prison system is under the control of the State and is not an executive department of the United States.  Def.'s Mot. at 2.

The court has "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  Because § 1491(a)(1) does not create an independent cause of action, a "plaintiff must assert a claim under a separate money-mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages *against the United States*."  *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998) (emphasis added).  Mr. Butler does not assert a claim against the United States but rather against individual employees of a state prison.  The court may not hear claims against state actors.  The court therefore dismisses Mr. Butler's complaint for lack of subject-matter jurisdiction.

The Clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

    s/Charles F. Lettow
Charles F. Lettow
Senior Judge